UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOHN HOCKENJOS, JR. and IRINA PARAMONOVA
HOCKENJOS,

                          Plaintiffs,

                    -against-

THE CITY OF NEW YORK, P.O. DIEGO PALACIOS,
Tax Id. 935456, Individually and in his Official Capacity,
SERGEANT VICTOR PAL, Shield No. 3380,
Individually and in his Official Capacity, P.O.
LAMANNO, Shield No. 16868, Individually and in his
Official Capacity, P.O. GO, Shield No. 24228,
Individually and in his Official Capacity, P.O. GRAHAM
BRATHWAITE, Shield No. 18902, Individually and in
his Official Capacity, P.O. JOHN FOLEY, Shield No.
26366, Individually and in his Official Capacity, P.O.
OSVALDO MARCILLO, Shield No. 7412, Individually
and in his Official Capacity P.O. ANGELICA AMAYA,
Shield No. 11896, Individually and in her Official
Capacity, P.O. YEVGENIY BUSHUYEV, Shield No.
22184, Individually and in his Official Capacity, SGT.
JOEL DOSEAU, Tax. 932609,  Individually and in his
Official Capacity, LT. FRANCIS MORRISEY, Tax.
899630 Individually and in his Official Capacity, P.O.'s
"JOHN DOE" #1-10, Individually and in their Official
Capacity (the name John Doe being fictitious, as the true
names are presently unknown) and ARGO PAUMERE,
Individually and in his Official Capacity,

                          Defendants.

------------------------------------------------------------------X

                **AMENDED COMPLAINT**

                **15 CV 00095**

         **JURY TRIAL DEMANDED**

                  **ECF CASE**

       Plaintiffs JOHN HOCKENJOS, JR. and IRINA PARAMONOVA  HOCKENJOS, by her

attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4.    Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.    Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.    Plaintiffs JOHN HOCKENJOS, JR. and IRINA PARAMONOVA HOCKENJOS are  United States Citizens and have been at all relevant times residents of the County of Kings and State of New York.

7.    Upon information and belief, ARGO PAUMERE, is a citizen of the United States and at all relevant times a resident of the County of Kings, State of New York.

8.    Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

10.     At all times hereinafter mentioned, the individually named defendants P.O. DIEGO PALACIOS, SERGEANT VICTOR PAL, P.O. LAMANNO, P.O. GO, P.O. GRAHAM BRATHWAITE, P.O. JOHN FOLEY, P.O. OSVALDO MARCILLO, P.O. ANGELICA AMAYA, P.O. YEVGENIY BUSHUYEV, SGT. JOEL DOSEAU, LT. FRANCIS MORRISEY and P.O.s "JOHN DOE" #1-#10 ("NYPD defendants") were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the NYPD defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

13.     Each and all of the acts of the NYPD defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

14.     Each and all of the acts of the defendant ARGO PAUMERE alleged herein were done by said defendant while acting in furtherance of his own interests and/or the interests of the NYPD defendants.

## FACTS

15.     Plaintiff John Hockenjos, Jr. was released from jail on February 7, 2012 after a three day incarceration for a crime that he did not commit.  He was processed as a prisoner (strip-searched and his body cavities checked for contraband), transferred between three facilities and subsequently released from "Riker's Island" after the three day, two night incarceration. Defendants alleged that John Hockenjos, Jr. recklessly endangered the life of defendant Palacios with an automobile.  Plaintiff John Hockenjos, Jr. was charged with the following crimes: "PL 120.25 Reckless Endangerment in the First Degree," "PL 120.20 Reckless Endangerment in the Second Degree," and "VTL 1212 Reckless Driving."

16.     Specifically, defendants caused the following information to be continued in a sworn criminal complaint dated February 5, 2012:

On or about February 05, 2012 at approximately 06:00 pm at 2368 East 23 Street County of Kings, State of New York,

The defendant [John Hockenjos] commited [sic] the Offense(s) of:

PL  120.25     Reckless Endangerment in the First Degree (DQO)
PL  120.20     Reckless Endangerment in the Second Degree (DQQ)
VT  1212       Reckless Driving

In that defendant did:

Recklessly engage in conduct which created a substantial risk of serious physical injury to another person; recklessly engage in conduct which created a grave risk of death to another person; drive or use any motor vehicle, motorcycle or any other vehicle propelled by any power other than muscular power or any appliance or accessory thereof in a manner which unreasonably interfered with the free and proper use of the public highway, or unreasonably endangered users of the public highway.

The source of Deponent's information and the grounds for Deponent's belief are as follows:

Deponent [Palacios] states that, at the above place and time, defendant [John Hockenjos] did drive a 4 door sedan, at a high rate of speed, into a driveway, towards Deponent.

Deponent further states that the Deponent had to jump out of the way to avoid being hit by defendant's vehicle and that defendant did not signal to Deponent, in any way, to avoid being hit.

Deponent further states that defendant did yell, scream and curse at Deponent stating in sum and substance, get the fuck out of my driveway.

Deponent further states that after repeated orders to stop yelling and screaming, defendant continued yelling and screaming at Deponent.

Sworn Criminal Complaint Police Officer Diego Palacios dated February 5, 2012.

17.  Notwithstanding these false allegations, a videotape of the entire incident shows that the account of the incident provided by Palacios was wholly and materially fabricated to injure plaintiffs.

18.  In addition, several other NYPD defendants were present at the time when this incident was alleged to have occurred - and immediately thereafter - and none of these officers took any measures to prevent, correct or otherwise remedy the constitutional violations suffered plaintiffs at that time or at any point thereafter.

## FACTUAL AND PROCEDURAL BACKGROUND

19.  On February 5, 2012, plaintiff John Hockenjos, Jr., was fifty-five (55) years old and was employed by the Metropolitan Transportation Authority (MTA) – Metro-North Railroad [since December 28, 1998 – over 14 years] as a "Senior Engineer Scope Development," and lived with is wife of fifteen (15) years [married August 31, 1996], plaintiff Irina Hockenjos.  On

February 5, 2012, plaintiffs were living together in a private, detached home they owned at 2368 East 23rd Street, Brooklyn, NY 11229 since October 23, 1997 (over 14 years).

20.     In the days, weeks and months prior to February 5, 2012, plaintiffs frequently asked the Mayor of the City of New York (via emails and telephone calls to his appointed agents) and the NYPD (61st Precinct and Command Headquarters), to no avail, to investigate criminal acts and/or official misconduct by police and their neighbor Argo Paumere perpetrated on or near their real property at 2368 East 23rd Street in Brooklyn.  Among other things, the 61st Precinct ignored the following acts committed by Paumere and/or his agents: plaintiffs' automobiles were vandalized, third-parties had trespassed on plaintiffs' property, and plaintiff Irina Hockenjos was assaulted by a known third-party (events that plaintiffs advised the NYPD that they could substantiate because most of these events had been recorded by a surveillance camera).  Despite repeated requests by plaintiffs to the NYPD's 61st Precinct -- that a police report be completed and filed regarding these incidents and others -- the Mayor, the NYPD's 61st Precinct and the NYPD's Command Headquarters refused to record plaintiff's criminal complaints.

21.     For example, on or about January 9, 2012, plaintiffs sent a letter to the NYPD Police Commissioner, complaining about the refusal of the NYPD's 61st Precinct to take any action on plaintiffs' criminal complaints.  Among other things, plaintiffs stated that the failure of the NYPD's 61st Precinct (Deputy Inspector Georgios Mastrokostas), over one year earlier, to take appropriate action on their behalf "left us vulnerable to continued attacks" and certainly implied that the precinct was either working with Mr. Paumere, or at minimum, protecting his interests.  No response to this latter letter was ever dispatched to plaintiffs by the NYPD.   In short, the NYPD repeatedly refused to entertain or record the criminal complaints of plaintiffs;

the NYPD repeatedly ignored plaintiffs, on both a local (subordinate) and senior level, and left plaintiffs with the feeling that the officers within the 61st Precinct were out to "hurt" plaintiffs in order to protect Mr. Paumere interests.

### The "Incident" of February 5, 2012

22.     February 5, 2012 began as a very uneventful day for plaintiffs – during the afternoon, they visited the gravesite of a grandparent and purchased groceries at a number of local stores.

23.     When plaintiffs returned to their home at 2368 East 23rd Street, Brooklyn, New York, at approximately 6 p.m., however, defendants Palacios, Pal and Paumere were standing in plaintiff's driveway, depriving plaintiffs of the ability to drive their car completely onto their property.

24.     Upon information and belief the NYPD defendants had arrived at the location at the request and/or direction of defendant Paumere in order to assist, aid and/or otherwise support his unlawful plan to harass and retaliate against plaintiff's for attempting to assert their legal rights against defendant Paumere in civil court.

25.     Plaintiffs slowly proceeded up their driveway, stopped their car, and calmly exited it; plaintiffs approached the two uniformed men, defendants Palacios and Pal, and defendant Paumere, and inquired why these individuals were standing on their driveway/property. Plaintiffs explained that they had obtained a civil restraining order against the Paumere (then present on the driveway) and advised that Paumere was not allowed to trespass on their property or interfere with plaintiff's ownership and use of the driveway.

26.     Defendant Palacios, Pal and Paumere refused to leave plaintiffs' property and, instead, Palacios and Pal insisted that they were conducting "an investigation" and that plaintiffs had to produce their driver's licenses.

27.     Defendant Pal confronted plaintiff Irina Hockenjos and physically separated her from her husband; suddenly, defendant Pal began to yell and scream at plaintiff Irina Hockenjos in an intimidating manner while standing as close as five inches from her face shouting, "This is an investigation, Madam!"   Defendant Pal thereafter made an emergency distress call for additional police officers despite the fact that plaintiff's had committed no crime or violation of law.

28.     On his own property, plaintiff John Hockenjos, Jr. verbally objected to the treatment that his wife was receiving, and in response the NYPD defendants, in concert with and/or at the behest of defendant Paumere, ultimately arrested plaintiff, placed him in handcuffs and charged him with two counts of reckless endangerment and reckless driving.

29.     Further, plaintiff Irina Hockenjos was unlawfully seized, restrained and separated from her husband on February 5, 2012 by the NYPD defendants, in concert with and/or at the behest of defendant Paumere, and was charged with "disorderly conduct" and issued Summons No. 4334646347 (Kings County Docket No. 2012SK033746).

30.     At no time on February 5, 2012 had plaintiffs recklessly endangered anyone, drove recklessly, act disorderly in any way or otherwise commit any crime or violation of law.[1]

31.     At no time on February 5, 2012, did defendants possess reasonable suspicion to stop, question, and/or frisk plaintiffs.

---

[1] On May 31, 2012, Defendant Palacios was eventually arrested and charged with the following crimes: (a) "PL 175.35 Offering a False Instrument for Filing in the First Degree" (2 Counts – E Felony), (b) "PL 175.10 Falsifying Business Records in the First Degree (2 Counts – E Felony), (c) "PL 195.00 Official Misconduct" (1 Count – A Misdemeanor),  (d) 210.05 Perjury in the Third Degree (1 Count – A Misdemeanor), and (e) "PL 210.35 Making an Apparently Sworn False Statement in the Second Degree" (1 Count – A Misdemeanor).

32.     At no time on February 5, 2012, did defendants possess probable cause to arrest, seize or summons plaintiffs.

33.     At no time on February 5, 2012, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest, seize or summons plaintiffs.

34.     Notwithstanding, NYPD defendants transported plaintiff John Hockenjos to the NYPD's 61st Precinct where he was photographed, fingerprinted.  While imprisoned at the 61st Precinct, plaintiff John Hockenjos, Jr. was ridiculed and mocked by defendant Pal.

35.     Despite the lack of any evidence that plaintiffs had engaged in any criminal behavior or wrongdoing, NYPD defendants, in concert with and/or at the behest of defendant Paumere, wrongfully charged plaintiffs with crimes that they had never committed in the absence of probable cause to do so.

36.     Further none of the defendants, whom were all present and had the ability to prevent these constitutional violations from occurring, ever objected to or took any reasonable steps to prevent or mitigate the constitutional violations suffered by plaintiffs.

37.     In addition, the supervising officers at the 61st precinct were aware of the misconduct and the false statements contained the police paperwork and forwarded to the District Attorney yet failed to take any measures to prevent or otherwise mitigate the constitutional violations suffered by plaintiff's in this case.

38.     As a result of defendants unlawful actions, plaintiff John Hockenjos, Jr. was wrongfully imprisoned for three days and two nights at three different locations as a result of the fabrication of evidence and concealment of the truth by the defendants, as well as their desire to assist Paumere in his retaliatory efforts against plaintiff.

39.     Upon information and belief, NYPD defendants, in furtherance of their express and/or tacit agreement with defendant Paumere, repeatedly gave false and misleading statements to the District Attorney in connection with plaintiffs' arrest and summons.

40.     Further, upon information and belief, NYPD defendants, in furtherance of their express and/or tacit agreement with defendant Paumere defendants, deliberately failed to disclose to the District Attorney the real time videotape evidence of which they were aware and which showed that plaintiffs had committed no crime or violation of law on February 12, 2012.

41.     Specifically, defendants wrongfully claimed, inter alia, that plaintiff John Hockenjos "recklessly engage[d] in conduct which created a grave risk of death to another person…[and that Palacios] had to jump out of the way to avoid being hit by defendant's vehicle" and that plaintiff Irina Paramonova acted in an illegal and disorderly manner in a public place with the intent to cause public inconvenience.

42.     In addition, defendant officers either knew and/or learned of these false statements and failed to take any measures to prevent or otherwise mitigate the constitutional violations suffered by plaintiff's in this case.

43.     As a result of their unlawful arrest and prosecution, plaintiff John Hockenjos spent approximately three days and two nights falsely imprisoned and was forced to make several court appearances before all of the charges against him were dismissed on March 1, 2012.

44.     As a result of his unlawful arrest and the attendant mental distress caused, the plaintiff had to miss several months from work, which eventually led to his employment being terminated.

45.    As a result of her unlawful arrest plaintiff Irina Hockenjos was seized, arrested in her movements, had her liberty restricted for a period of time and was forced to make court appearances in connection with these false charges against her until April 16, 2012 when the charges against her were dismissed.

46.    As a result of the foregoing, the plaintiffs sustained, *inter alia*, months of physical suffering, pain, mental anguish, emotional distress, nervousness, depression, sleep disturbance, shame, embarrassment, humiliation, loss of freedom; loss of enjoyment of life; injury to reputation; loss of friends; loss of family company during incarceration; psychological injury; loss of earnings/pecuniary loss; loss of consortium, and the reasonable and necessary expenses associated with the defense they were compelled to present in their criminal proceedings (including, but not limited to, attorneys' fees).

## FIRST CLAIM FOR RELIEF ARISING FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

47.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

48.    All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

49.     All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

50.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

51.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

52.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF FOR FALSE ARREST UNDER 42 U.S.C. § 1983**

53.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

54.     As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

55.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION
UNDER 42 U.S.C. § 1983**

56.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

57.     Defendants misrepresented and falsified evidence before the Kings County District Attorney.

58.     Defendants did not make a complete and full statement of facts to the District Attorney.

59.     Defendants withheld exculpatory evidence from the District Attorney.

60.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs.

61.     Defendants lacked probable cause to initiate criminal proceedings against plaintiffs.

62.     Defendants acted with malice in initiating criminal proceedings against plaintiffs.

63.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

64.     Defendants lacked probable cause to continue criminal proceedings against plaintiffs.

65.     Defendants acted with malice in continuing criminal proceedings against plaintiffs.

66.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

67.      Specifically, defendants falsely and knowingly alleged plaintiff John Hockenjos "recklessly engage[d] in conduct which created a grave risk of death to another person…[and that Palacios] had to jump out of the way to avoid being hit by defendant's vehicle" and that plaintiff Irina Paramonova acted in an illegal and disorderly manner in a public place with the intent to cause public inconvenience.

68.      Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiffs favor on or about March 1, 2012 and April 16, 2012, respectively when the charges against them were dismissed.

69. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

71. The defendants had an affirmative duty to intercede when plaintiff's constitutional rights were being violated in defendants' presence.

72. Specifically, defendants had an affirmative duty to take reasonable measures to prevent plaintiffs' arrests in the absence of probable cause.

73. Defendants had an affirmative duty to take reasonable measures to prevent defendants from knowingly making false statements and submitted false paperwork to the District Attorney in connection with plaintiff's prosecution.

74. Defendants had an affirmative duty to take reasonable measures to remedy and/or inform the District Attorney of any such false information as soon as they became aware in order to prevent the further and continued violation of plaintiff's constitutional rights.

75. Defendants violated plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

76. As a result of the defendants' failure to intercede when plaintiff's constitutional rights were being violated in defendants' presence, plaintiffs have suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### FIFTH CLAIM FOR RELIEF FOR DENIAL OF CONSTITUTIONAL
### RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

77.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

78.    Defendants created false evidence against plaintiffs.

79.    Specifically, defendants falsely and knowingly alleged that plaintiff John Hockenjos "recklessly engage[d] in conduct which created a grave risk of death to another person…[and that Palacios] had to jump out of the way to avoid being hit by defendant's vehicle" and that plaintiff Irina Paramonova acted in an illegal and disorderly manner in a public place with the intent to cause public inconvenience.

80.     Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's office.

81.    Defendants misled the prosecutors by creating false evidence against plaintiffs and thereafter providing false testimony throughout the criminal proceedings.

82.    In creating false evidence against plaintiffs, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

83.    As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

## SIXTH CLAIM FOR RELIEF
## <u>FIRST AMENDMENT VIOLATION UNDER 42 U.S.C. § 1983</u>

84.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

85.     By their conduct, as described herein, and acting under color of state law to deprive the plaintiffs of their right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.c. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

86.      The individual defendants have violated plaintiffs' First Amendment rights to speech by unlawfully denying their right to speak freely by subjecting them to false arrest and prosecution to deter the exercise of their First Amendment rights. Defendants' actions were taken in retaliation for plaintiffs' exercising their First Amendment rights against the NYPD defendants and Paumere.

87.     As a consequence of the individual defendants' actions, plaintiffs have suffered violations of their First and Fourteenth Amendment rights to free speech. Plaintiffs have fear and apprehension that they will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing their First Amendment protected activities.

88.     As a direct and proximate result of the individual defendants' unlawful actions, plaintiffs have suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SEVENTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

89.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

90.     Defendants caused the issuance of legal process to place plaintiffs under arrest.

91.     Defendants initiated and procured the arrest of plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process, namely, to inhibit plaintiffs' first amendment rights and their enforcement of civil and legal remedies against defendant Paumere.

92.     Defendants acted with intent to do harm to plaintiffs, without excuse or justification.

93.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

## EIGHTH CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. § 1983

94.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

95.     NYPD defendants conspired and acted in concert with defendant Paumere to do whatever was necessary, lawful or not, to cause the arrest, imprisonment, and involuntary confinement of plaintiffs.

96.      Throughout the period of the conspiracy, the NYPD defendants and defendant Paumere pursued their objectives with actual malice toward plaintiffs, with utter and deliberate indifference to and disregard for plaintiffs' rights under the Constitution and laws of the United

States, without probable or reasonable cause to believe plaintiffs committed any crime or any other lawful basis for doing so.

97.     Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of plaintiffs: (a) manufactured false evidence; (b) unlawfully trespassed on plaintiff's property; (c) illegally seized and arrested plaintiffs; (d) verbally and physically threatened plaintiffs in an attempt to harass, intimidate and retaliate against them; and (e) caused plaintiffs to be falsely prosecuted without probable cause, their consent or any other lawful basis for doing so.

### NINTH CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY
### UNDER 42 U.S.C. § 1983

98.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

99.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

100.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

      i.    superior officers ordering subordinate officers to arrests individuals regardless of probable cause;

     ii.    subordinate officers arresting individuals for offenses at the behest of superior officers regardless of probable cause for offenses that were never observed;

    iii.    subordinate officers arresting individuals at the behest of superior officers regardless of their awareness of the offense committed or of the crime for which probable cause existed;

iv.    failure of officers - subordinate and superior - to communicate the basis for an arrest or probable cause at any time prior to the arrest or at any reasonable time thereafter;

v.    failure of superior officers to properly supervise subordinate officers in drafting the charging documents used to prosecute individuals;

vi.    having internal investigative procedures which inhibit and/or thwarting constitutional violations prior to there occurrence;

vii.    having internal investigative procedures which inhibit and/or prevent officers from taking timely and appropriate remedial measures to cure already occurring constitutional violations in order to mitigate the continuation of such violations;

viii.    exercising deliberate indifference to training retention, assigned and supervised all members of its Police Department, including the defendants individually named above.

ix.    Defendant was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

x.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

xi.    arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

xii.    Creating a quotas system for NYPD subordinate officers requiring the officers to arrest individuals and/or issue summonses regardless of probable cause;

xiii.    Creating a policy of awarding incentives to officers who meet or exceed the required number of summonses to be issued according to NYPD's quota;

xiv.    Displaying a deliberate indifference to disciplining supervisors, despite allegations of illegal and/or unconstitutional conduct;

xv.    fabricating evidence in connection with their prosecution in order to cover up police misconduct; and

xvi.    arresting individuals in retaliation for constitutionally protected activity under the First Amendment.

101.    The existence of the aforesaid unconstitutional customs and policies may be inferred from an "informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department...[and] [that] [d]espite numerous inquiries by commissions and strong reported efforts by the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department-there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct." **Colon v. City of New York**, 09 CV 0008 (E.D.N.Y. November 30, 2009) (JBW).

102.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

103.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

104.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

105.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

106.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

107.    The acts complained of deprived plaintiffs of their rights:

    A.  Not to be deprived of liberty without due process of law;

    B.  To be free from seizure and arrest not based upon probable cause;

    C.  To be free from unlawful search;

    D.  Not to have summary punishment imposed upon her; and

    E.  To receive equal protection under the law.

108.    As a result of the foregoing, plaintiffs are entitled to compensatory damages and are further entitled to punitive damages against the individual defendants.

## **PENDENT STATE CLAIMS**

109.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

110.    On or about May 2, 2012 and within ninety (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e)**.**

111.    Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

112.    Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and a hearing was held on December 11, 2012.

113.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

114.    Plaintiffs have complied with all conditions precedent to maintaining the instant

action.

115.    This action falls within one or more of the exceptions as outlined in C.P.L.R. §
1602.

### TENTH CLAIM FOR RELIEF
### FALSE ARREST

116.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the
proceeding paragraphs with the same force and effect as if fully set forth herein.

117.    Defendant police officers arrested plaintiffs in the absence of probable cause and
without a warrant.

118.    As a result of the aforesaid conduct by defendants, plaintiffs were subjected to an
illegal, improper and false arrest by the defendants and taken into custody and caused to be
falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal
proceedings.   The aforesaid actions by the defendants constituted a deprivation of plaintiffs'
rights.

### ELEVENTH CLAIM FOR RELIEF
### ASSAULT

119.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the
proceeding paragraphs with the same force and effect as if fully set forth herein.

120.    Defendants' aforementioned actions placed plaintiffs in apprehension of imminent
harmful and offensive bodily contact.

121.    As a result of defendants' conduct, plaintiffs have suffered physical pain and
mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## TWELFTH CLAIM FOR RELIEF
## <u>BATTERY</u>

122.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

123.     Defendant police officers touched plaintiffs in a harmful and offensive manner.

124.     Defendant police officers did so without privilege or consent from plaintiffs.

125.     As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## THIRTEENTH CLAIM FOR RELIEF
## <u>FALSE IMPRISONMENT</u>

126.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

127.     As a result of the foregoing, plaintiff were falsely imprisoned, their liberty was restricted for an extended period of time, they were put in fear for their safety, they were humiliated and they were subjected to handcuffing, and other physical restraints.

128.     Plaintiffs were conscious of said confinement and did not consent to same.

129.     The confinement of plaintiffs was without probable cause and was not otherwise privileged.

130.     As a result of the aforementioned conduct, plaintiffs have suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## FOURTEENTH CLAIM FOR RELIEF
## <u>MALICIOUS PROSECUTION</u>

122.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

123.    Defendants misrepresented and falsified evidence before the Kings County District Attorney.

124.    Defendants did not make a complete and full statement of facts to the District Attorney.

125.    Defendants withheld exculpatory evidence from the District Attorney.

126.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs.

127.    Defendants lacked probable cause to initiate criminal proceedings against plaintiffs.

128.    Defendants acted with malice in initiating criminal proceedings against plaintiffs.

129.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs.

130.    Defendants lacked probable cause to continue criminal proceedings against plaintiffs.

131.    Defendants acted with malice in continuing criminal proceedings against plaintiffs.

132.    Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

133.    Notwithstanding the perjurious and fraudulent conduct of defendants, upon information and belief, all charges against plaintiffs were dismissed on or about March 1, 2012 and April 16, 2012, respectively.

134.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

### FIFTEENTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS

135.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

136.    Defendants caused the issuance of legal process to place plaintiffs under arrest.

137.    Defendants initiated and procured the arrest of plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process, namely, to inhibit plaintiffs' first amendment rights and their enforcement of civil and legal remedies against defendant Paumere.

138.    Defendants acted with intent to do harm to plaintiffs, without excuse or justification.

139.    As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

### SIXTEENTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

140.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

141.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

142.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

143.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

144.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

145.    As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**SEVENTEENTH CLAIM FOR RELIEF**
**NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION**

146.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

147.    Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

148.    Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

149.    Due to the negligence of the defendants as set forth above, plaintiffs suffered mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

150.    As a result of the foregoing, plaintiffs are entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, the plaintiffs respectfully request judgment against defendants as follows:

    i.  an order awarding compensatory damages in an amount to be determined at trial;

    ii.  an order awarding punitive damages in an amount to be determined at trial;

    iii.  reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       April 17, 2015

BY:_____
JOSHUA P. FITCH
GERALD COHEN
COHEN & FITCH LLP
Attorneys for Plaintiffs
233 Broadway, Suite 1800
New York, N.Y. 10279


BY:_____/S_____
IRVING COHEN, ESQ.
Attorneys for Plaintiffs
233 Broadway, Suite 1800
New York, N.Y. 10279

INDEX NO. 15CV00095(WFK)(SMG)          YEAR    2015
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOHN HOCKENJOS, JR. and IRINA PARAMONOVA HOCKENJOS,

                   Plaintiffs,

       -against-

THE CITY OF NEW YORK, P.O. DIEGO PALACIOS, Tax Id. 935456, Individually and in his Official Capacity, SERGEANT VICTOR PAL, Shield No. 3380, Individually and in his Official Capacity, P.O. LAMANNO, Shield No. 16868, Individually and in his Official Capacity, P.O. GO, Shield No. 24228, Individually and in his Official Capacity, P.O. GRAHAM BRATHWAITE, Shield No. 18902, Individually and in his Official Capacity, P.O. JOHN FOLEY, Shield. No. 26366, Individually and in his Official Capacity, P.O. OSVALDO MARCILLO, Shield No. 7412, Individually and in his Official Capacity P.O. ANGELICA AMAYA, Shield No. 11896, Individually and in her Official Capacity, P.O. YEVGENIY BUSHUYEV, Shield No. 22184, Individually and in his Official Capacity, SGT. JOEL DOSEAU, Tax. 932609,  Individually and in his Official Capacity, LT. FRANCIS MORRISEY, Tax. 899630 Individually and in his Official Capacity, P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown) and ARGO PAUMERE, Individually and in his Official Capacity,

                   Defendants.

---

**AMENDED COMPLAINT**

---

# COHEN & FITCH LLP

*Attorney for* Plaintiff
*Office and Post Office Address, Telephone*
233 Broadway - Suite 1800
New York, New York 10279
(212) 374-9115

---

Signature (Rule 130-1.1a)

_____

Print Name Beneath

To
Attorney(s) for    Defendants

---

Service of a copy of the within is hereby admitted.        Dated

         _____

Attorney(s) for

_____

PLEASE TAKE NOTICE

☐      NOTICE OF ENTRY

      that the within is a (certified) true copy of a
      duly entered in the office of the clerk of the within named court on             20

☐      NOTICE OF SETTLEMENT

      that an order                        of which the within is a true copy
      will be presented for settlement to the HON.             one of the judges of the
      within named Court, at
      on                  20          at

Dated,                                     Yours, etc.